**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-14063-MARTINEZ/MAYNARD**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**MARQUIS DEVON WALKER,**

**Defendant.**
______________________________/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** comes before me upon an Order of Reference from United States District Judge Jose E. Martinez. I conducted a Change of Plea Hearing on September 25, 2026, which the Defendant, his counsel Martin Roth, Esq., and Assistant United States Attorney Richard Shiller attended.

1. I found the Defendant competent to proceed with a change of plea colloquy.

2. I advised the Defendant: (1) of his right to have the District Judge assigned to this case conduct the hearing, (2) that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing, and (3) that the Defendant could request to have a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney representing the government all consented to proceed with the change of plea hearing before me.

3. I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4. The parties presented a written plea agreement that has been made part of the record (DE 74). I reviewed the plea agreement, and the Defendant acknowledged his signature on the document. The word “Superseding” had been inadvertently omitted from the first sentence in paragraph 1, so counsel for the government added that word to the written plea agreement, and counsel for the government, counsel for the Defendant, and the Defendant initialed the addition. I confirmed the Defendant understood the statutory mandatory minimums and maximum penalties for each count and the maximum sentence the District Judge could impose.

5. I advised the Defendant of the possibility of the Defendant’s deportation after sentencing as an additional consequence of his guilty plea, and the Defendant understood that his convictions could result deportation.

6. The Defendant acknowledged being fully satisfied with the services of his attorney and that he had a sufficient opportunity to discuss all facets of his case with his attorney—including the discovery, potential defenses, and potential motions to suppress.

7. The Defendant pleaded guilty to Counts 1–3 of the Superseding Indictment (DE 15). Count 1 charges the Defendant with conspiracy to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846. Counts 2–3 of the Superseding Indictment charge the Defendant with distribution of a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.

8. The parties submitted an agreed written factual basis for the plea, which counsel for the government, counsel for the Defendant, and the Defendant all signed (DE 75). Counsel for the government read aloud the factual proffer, which contained all the essential elements of the offenses to which the Defendant pleaded guilty, into the record. The Defendant acknowledged that he signed the factual proffer, understands it, and has had the opportunity to fully discuss it with his attorney. The Defendant agreed that it is true and correct and accurately sets forth the facts in his case as he understands them to be. I find that the factual proffer sets forth each of the essential elements of the crimes to which the Defendant is pleading guilty.

9. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his guilty plea freely and voluntarily. I accept his guilty plea and recommend that the District Court adjudicate him guilty of the offenses charged in the Superseding Indictment.

10. I referred the Defendant's case to the United States Probation Office for the preparation of a pre-sentence investigation report and reminded the parties that the United States District Judge will conduct the sentencing hearing at a time scheduled by separate order. The Defendant expressed a preference that hearing take place in Miami so that he could be held at the Federal Detention Center rather than the St. Lucie County Jail. The government did not oppose this request.

**ACCORDINGLY**, I recommend that the District Court accept the Defendant's guilty plea to the Superseding Indictment, adjudicate the Defendant guilty of the offenses to which he pleads guilty, and schedule a Sentencing Hearing for final disposition of this case.

## NOTICE OF RIGHT TO OBJECT

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States

District Judge assigned to this case. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), the failure to file a timely objection to this Report and Recommendation waives the party's right to review and bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, in the Southern District of Florida, this 28th day of September, 2026.

BRANDY BRENTARI GALLER
UNITED STATES MAGISTRATE JUDGE